UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| AIRLYN POWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 4:15-cv-04013-SLD-JEH |
| ROCK ISLAND POLICE OFFICERS ) | |
| NICHOLAS PAULEY, JONATHAN ) | |
| CARY, and RYAN DERUDDER; THE ) | |
| CITY OF ROCK ISLAND; UNKNOWN ) | |
| OFFICERS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

ORDER

Before the Court are Defendants Unknown Officers' Motion to Dismiss the Complaint as to themselves, ECF No. 18, and Plaintiff's Motion to Strike Answer to Complaint, ECF No. 19. For the following reasons, the motion to dismiss is GRANTED and the motion to strike is MOOT.

As an initial matter, Defendant City of Rock Island voluntarily withdrew its affirmative defense of qualified immunity, which was the subject of the motion to strike. *See* Mot. Withdraw Reference, ECF No. 21.  Accordingly, that motion is moot.

Defendants Unknown Officers' motion to dismiss argues (without citing a single case)[1] that Plaintiff's claims pursuant to 42 U.S.C. § 1983 must be dismissed as to unknown officers, because the statute of limitations on Plaintiff's complaint ran the day she filed it, and claims

---

[1] "Every motion raising a question of law . . . must include a memorandum of law including a brief statement of the specific points or propositions of law and supporting authorities upon which the moving party relies, and identifying the Rule under which the motion is filed." L. R. 7.1(B)(1).

1

against unknown parties cannot be amended, or even sustained, after the statute of limitations has run.  Mot. Dismiss 1–2.

Plaintiff did not respond to the motion to dismiss.  If a response is not filed to a motion within 14 days, the presiding judge presumes that the motion is unopposed.  L. R. 7.1(B)(2).  Nonetheless, the Court will briefly address the merits of Defendants' motion.

In reviewing a motion to dismiss, a court must accept as true all well-pleaded facts in the complaint, and draw all reasonable inferences in favor of the plaintiff.  *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012).  A court will dismiss a complaint if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

Plaintiff brings her claims pursuant to 42 U.S.C. § 1983.  Compl. ¶¶ 39–58, ECF No. 1.  The statute of limitations for § 1983 claims is determined by the statute of limitations for personal injury actions in the state where the incident forming the basis of the claim occurred.  *See Wilson v. Garcia*, 471 U.S. 261, 275 (1985).  In Illinois, this period is two years.  *See Kalimara v. Illinois Dep't of Corr.*, 879 F.2d 276, 276 (7th Cir. 1989).  A claim against unknown defendants upon which the statute of limitations has run is subject to dismissal if the original claim could not be amended pursuant to Rule 15(c) to name the proper defendant.  *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913–15 (7th Cir. 2000).  Rule 15(c)(3) permits relation back of an amendment to the original complaint only when "there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake."  *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998).  This means that plaintiffs have "the burden of determining who is liable for [her] injuries and of doing so before the statute of limitations runs out."  *Allen v. City of Chicago*, No. 08-CV-6127, 2009 WL 4506317, at *3 (N.D. Ill. Nov. 30, 2009).

Plaintiff alleges that the incidents forming the basis of her complaint occurred on February 15, 2013.  Compl. ¶ 15.  She filed her complaint exactly two years later, on February 15, 2015, naming, along with three police officers, the City of Rock Island and "Unknown Officers."  However, the statute of limitations ran the day she filed her claim.  Were Plaintiff now to try to amend her complaint to properly name the officers it fails to name under the rubric of "unknown officers," she would not be permitted to do so.  *King*, 201 F.3d at 915.  Her claim against the unknown officers must be dismissed.  *Id.*

Accordingly, Defendants' Motion to Dismiss all claims as to "unknown officers," ECF No. 18, is GRANTED, and Plaintiff's Motion to Strike Answer, ECF No. 19, is MOOT.

Entered this 28th day of March, 2016.

s/ Sara Darrow  
SARA DARROW  
UNITED STATES DISTRICT JUDGE