## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | |
|---|---|
| AIRLYN POWELL, )<br>)<br>    Plaintiff, )<br>)<br>)<br>ROCK ISLAND POLICE OFFICERS:  )<br>NICHOLAS PAULEY; )<br>JONATHAN CARY; RYAN DERUDDER, )<br>THE CITY OF ROCK ISLAND; )<br>And UNKNOWN OFFICERS, )<br>    Defendants. ) | Hon. Sara Darrow<br>Magistrate Judge Jonathan Hawley<br><br>No.: 4:15-CV-04013 |

### SECOND AMENDED COMPLAINT

### INTRODUCTION

1. Plaintiff Airlyn Powell brings this action, pursuant to 42 U. S. C. § 1983, against defendants for excessive force and other misconduct as set forth below.

2. Plaintiff suffered and continues to suffer physical, emotional and psychological injuries as a direct result of defendants' excessive use of force.

3. The defendant officers' actions toward plaintiff were totally unnecessary, unreasonable, and without any lawful justification.

### JURISDICTION AND VENUE

4. This action arises under 42 U. S. C. § 1983. This Court has jurisdiction pursuant to 28 U. S. C. §§ 1331 and 1343.

5. Venue is proper pursuant to 28 U. S. C. § 1391(b). The underlying events occurred within the Central District of Illinois, defendant City of Rock Island is a municipal corporation located within the district, and, on information and belief, all or most of the parties reside in the district.

### PARTIES

1

6. At the time of all relevant events, Ms. Powell, approximately 24 years-old and with young children, was employed full-time at a nursing home. She is certified nurse's assistant who is currently enrolled in nursing school. She resides with her children at 3506 70th Street in Moline, Illinois, 61265.

7. Prior to February 15, 2013, on information and belief Ms. Powell had never been arrested, charged or convicted of any crime. She does not have a criminal record.

8. Ms. Powell is African-American.

9. Defendant City of Rock Island, which operates the Rock Island Police Department ("RIPD"), is a municipal corporation under the laws of the State of Illinois.

10. Defendants Nicholas Pauley, Jonathan Cary, and Ryan DeRudder are employed as a City of Rock Island police officers.

11. At least one other Rock Island police officers, not yet identified by name, also participated in and/or refused to intervene to stop Officer Cary's excessive force against plaintiff on about February 15, 2013.

12. On information and belief, all defendant officers are Caucasian. None are African-American.

13. When defendant officers committed the unlawful and unconstitutional acts against plaintiff summarized below, they were at all times acting under color of law and within the scope of their employment as police officers for the City of Rock Island.

**FACTS RELATING TO ALL COUNTS**

14. On or about February 15, 2013, plaintiff was driving through Rock Island in the area of 35th Street and 18th Avenue when defendant Rock Island police officer Nicholas Pauley began following plaintiff in, and trailed her through, a predominantly African-American

neighborhood. Officer Pauley lacked probable cause or reasonable articulable suspicion to stop plaintiff.

15. Officer Pauley stopped plaintiff's car and searched it with the assistance of a K-9 unit. No drugs, weapons or contraband were found in the car or on plaintiff and the passengers; plaintiff's young children were passengers in the car.

16. Officer Pauley told plaintiff she was free to go and handed her identification back to her.

17. When plaintiff asked officer Pauley for his badge number, another officer, defendant officer Jonathan Cary, grabbed her neck and waist from behind and tackled her to the ground. Plaintiff landed forcefully on her back. Officer Cary then flipped plaintiff over onto her stomach and handcuffed her, face down on the ground. When he flipped her over, the right side of plaintiff's head hit a light pole on the corner.

18. When plaintiff was already handcuffed and sprawled faced down on the ground, defendant officer Cary then sprayed pepper spray in plaintiff's face.

19. Officer Cary then straddled plaintiff's back and forcefully pressed his knee into the middle of plaintiff's back and his arm into neck. He held plaintiff in this manner for approximately five minutes.

20. After assaulting and battering plaintiff, the officers then falsely arrested, charged and jailed her in an attempt to justify the assault. Plaintiff had not obstructed the officers or resisted arrest. The officers had no probable cause to arrest plaintiff for resisting or obstructing arrest. All criminal charges against plaintiff were ultimately dismissed prior to trial by Judge Walter Braud.

21. Plaintiff was first taken to the hospital for emergency treatment, was subsequently placed on pain medications for approximately six months and required physical therapy.

22. After being discharged from the hospital, defendant officers took plaintiff to Rock Island County Jail before she was bonded out.

23. The following day, plaintiff went to the Rock Island Police Department and filed a complaint.

*Defendants Injured Plaintiff*

24. The defendant police officers' unjustified brutality toward plaintiff, a gainfully employed young mother, caused her immediate, serious and lasting physical injury and psychological and emotional distress.

25. On February 15, 2013, the whole right side of plaintiff's body was in agonizing pain as the result of defendant officers' excessive force.

26. Three years later, plaintiff still experiences back pain from the incident.

27. Plaintiff missed work for three days because of the incident.

*Defendant City of Rock Island's Policies, Practices and Customs Caused Plaintiff's Injuries*

28. The defendant officers' unlawful conduct toward plaintiff was directly caused by RIPD and City of Rock Island policies, widespread practices, and customs. Their misconduct was undertaken pursuant to the City of Rock Island's pervasive, long-standing, practices and customs relating to its officers' use of excessive force.

29. On information and belief, defendant City of Rock Island has a pervasive practice and custom of failing to adequately train, supervise, control, discipline and dismiss its

officers concerning the use of excessive force. Defendant City of Rock Island also has a policy of inadequately reporting, reviewing and investigating use of force and excessive force incidents.

      30.    On information and belief, defendant officer Cary and other Rock Island police officers have engaged in and continue to engage in a pattern of using unreasonable and/or excessive force similar to that used against plaintiff. The City of Rock Island has persistently failed to respond, i.e., to identify, scrutinize, and take adequate corrective action concerning officers who repeatedly engage in a pattern of using unreasonable and/or excessive force and false arrests of citizens.

      31.    Moreover, on information and belief, defendant officers' conduct was undertaken pursuant to and as the direct result of the Defendant City of Rock Island's pervasive, long-standing practice and custom of condoning and authorizing RIPD's pattern and practice of sending white officers and/or all-white teams of officers into predominantly African-American or minority neighborhoods, which, RIPD knows or reasonably should know, increases racial tensions, community distrust, and the likelihood that officers will use unreasonable and/or excessive force in already-tense and confrontational situations.

      32.    Moreover, on information and belief, defendant officers' conduct was undertaken pursuant to and as the direct result of the Defendant City of Rock Island's pervasive, long-standing practice and custom of failing to hire and employ an adequate number of African-American police officers to patrol and police predominantly African-American neighborhoods in a city with a sizeable African-American populace. RIPD knows or reasonably should know that hiring and employing only white police officers to patrol and police predominantly African-American neighborhoods increases racial tensions, community distrust, and the likelihood that

officers will use unreasonable and/or excessive force in already-tense and confrontational situations.

33. Moreover, on information and belief, defendant officers' conduct was undertaken pursuant to and as the direct result of the Defendant City of Rock Island's pervasive, long-standing practice and custom of condoning and authorizing RIPD officers' pattern and practice of using excessive force more frequently and egregiously against African-Americans and other minorities.

34. By failing to adequately review, discipline and dismiss officers for prior instances of misconduct similar to that committed against plaintiff, the City of Rock Island leads police officers to believe with confidence that their actions will not be scrutinized, investigated or disciplined by RIPD. This directly encourages and authorizes future abuses, like the ones involving plaintiff, giving officers license to use excessive force when and where they want.

35. Moreover, final city policy-makers are aware of, condone and facilitate, by their inaction, a "code of silence" within the RIPD, which further serves to conceal and/or ratify officers' misconduct and authorize it in the future. Police officers routinely fail to report instances of police misconduct, lie to protect each other from punishment, and go unpunished for doing so. The defendant officers' conduct toward plaintiff was the direct result of the RIPD's code of silence regarding the use unreasonable and/or excessive force, including the use of unreasonable and/or excessive force against minorities.

36. By means of its pervasive practices and failures to remedy its officers' use of unreasonable and/or excessive force, defendant City of Rock Island has manifested and manifests deliberate indifferent to the deprivation of plaintiff's constitutional rights.

37. These practices and customs directly caused the serious injuries to plaintiff.

**COUNT I – EXCESSIVE FORCE – 42 U. S. C. § 1983**

38. Plaintiff incorporates paragraphs 1 – 37 above. Plaintiff asserts this claim, pursuant to 42 U. S. C. § 1983, against all defendants.

39. Defendant officers' conduct toward plaintiff constituted unreasonable or excessive force, in violation of her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution. Under the circumstances, defendant officers' use of excessive force against plaintiff was totally unnecessary, unreasonable and unjustifiable.

40. Furthermore, defendants falsely arrested and falsely imprisoned plaintiff.

41. Defendants' misconduct was objectively unreasonable and was undertaken intentionally with willful indifference to plaintiff's constitutional rights.

42. Defendants' misconduct was undertaken with malice, willfulness, and recklessness indifference to the rights of others.

43. The defendant officers' misconduct was undertaken pursuant to and as the direct result of the Defendant City of Rock Island's policies, pervasive, long-standing practices and customs, as detailed above, such that defendant City of Rock Island is liable for defendant officers' misconduct toward plaintiff.

44. As the direct and proximate result of defendant officers' misconduct, plaintiff has suffered and continues to suffer serious, long-term, physical, psychological and emotional injury, trauma, and distress.

**COUNT II – FAILURE TO INTERVENE – 42 U. S. C. § 1983**

45. Plaintiff incorporates paragraphs 1-44 above. Plaintiff asserts this claim, pursuant to 42 U. S. C. § 1983, against all defendants.

46. On information and belief, one or more defendant officers had reasonable opportunities to prevent and/or stop some of the violations of plaintiff's constitutional rights, such as the continuing use of excessive force against her, but stood by and failed to take any action.

47. Defendant officers' actions were undertaken intentionally, with malice and reckless indifference to plaintiff's constitutional rights.

48. As set forth above, the misconduct described in this Count was undertaken pursuant to the policy, long-standing and pervasive practices and customs of defendant City of Rock Island, such that defendant City of Rock Island is also liable for defendant officers' failure to intervene.

49. As the direct and proximate result of defendant officers' misconduct, plaintiff has suffered and continues to suffer serious, long-term, physical, psychological and emotional injury, trauma, and distress.

## COUNT III – EQUAL PROTECTION – 42 U. S. C. § 1983

50. Plaintiff incorporates paragraphs 1 – 49 above. Plaintiff asserts this claim, pursuant to 42 U. S. C. § 1983, against all defendants.

51. Defendants' use of unreasonable and excessive force against plaintiff violated the U.S. Constitution's guarantee of the equal protection of the law under the Fourteenth Amendment.

52. On information and belief, defendant officers employ excessive force against African-American and/or minority persons like plaintiff – thereby violating their Fourth Amendment rights - far more often and egregiously than they do against Caucasian persons.

53. Defendants would not have acted in the same manner toward plaintiff on February 15, 2013 if plaintiff had been white.

54. Defendants' misconduct was objectively unreasonable and was undertaken intentionally with willful indifference to plaintiff's constitutional rights.

55. Defendants' misconduct was undertaken with malice, willfulness, and recklessness indifference to the rights of others.

56. On information and belief, the defendant officers' misconduct was undertaken pursuant to and as the direct result of the Defendant City of Rock Island's policies, pervasive, long-standing practices and customs, including but not limited to the City's policy and custom of condoning and authorizing (1) RIPD's pattern and practice of failing to hire and employ an adequate number of African-American police officers to patrol and police predominantly African-American neighborhoods in a city with a sizeable African-American populace; (2) RIPD's pattern and practice of sending white officers or all-white teams of officers into predominantly African-American neighborhoods, which practice increases racial tensions and the likelihood that officers will use unreasonable and/or excessive force already-tense and confrontational situations; and (3) RIPD officers' pattern and practice of using unreasonable and/or excessive force more frequently and more egregiously against African-Americans and other minorities.  Consequently, defendant City of Rock Island is liable for defendant officers' misconduct toward plaintiff.

57. As the direct and proximate result of defendant officers' misconduct, plaintiff has suffered and continues to suffer serious, long-term, physical, psychological and emotional injury, trauma, and distress.

## COUNT IV - PUNITIVE DAMAGES

58. Plaintiff incorporates paragraphs 1 – 57 above. Plaintiff asserts this claim against all defendant officers.

59. Under the circumstances, defendant officers' actions of using excessive force against plaintiff in front of her young children and then falsely arresting, charging and confining her constituted abuses of power and authority.

60. Defendants' conduct toward plaintiff were undertaken with willful and wanton disregard for the rights of others. Defendant officers acted with actual intention or with a conscious disregard or indifference for the consequences when the health and safety of plaintiff was involved. Defendants acted with actual malice, with deliberate violence, willfully or with such gross negligence as to indicate a wanton disregard of the rights of others.

61. As set forth above, defendants' conduct was undertaken pursuant to, and is part of a long-standing and widespread pattern and practice of, similar Rock Island police officer misconduct consisting of the unjustifiable use of unreasonable and/or excessive force against African-American citizens and other minorities.

62. In light of the character of defendants' acts toward plaintiff and the serious and lasting physical and psychological injuries defendants' conduct has caused her, defendants' misconduct merits an award of punitive damages to plaintiff in order to deter RIPD police officers, RIPD, and the City of Rock Island from committing, authorizing or condoning similar misconduct in the future.

## COUNT V – FALSE ARREST-- 42 U. S. C. § 1983

63. Plaintiff incorporates paragraphs 1 – 62 above. Plaintiff asserts this claim against all defendants.

64. Plaintiff was arrested and imprisoned by defendant officers and, thereby, had her liberty to move about unlawfully restrained, despite the defendant officers' knowledge that there was no probable cause for arrest and imprisonment.

65. Defendant officers' conduct toward plaintiff constituted an unreasonable seizure, in violation of her rights under the Fourth Amendment to the U.S. Constitution. Under the circumstances, defendant officers' arrest of plaintiff was totally unnecessary, unreasonable and unjustifiable.

66. The misconduct alleged in this Count was objectively unreasonable and was undertaken intentionally with malice and willful and reckless indifference to plaintiff's constitutional rights.

67. The misconduct alleged in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

68. As a direct and proximate result of defendant officers' misconduct described in this Count, undertaken pursuant to the City's policies and practices as set forth above, plaintiff suffered and continues to suffer serious, long-term, physical, psychological and emotional injury, trauma, and distress.

## COUNT VI – UNREASONABLE SEIZURE/FALSE IMPRISONMENT-- 42 U. S. C. § 1983

69. Plaintiff incorporates paragraphs 1 – 68 above. Plaintiff asserts this claim against all defendants.

70. Defendants purported to conduct an investigatory stop, i.e., a "Terry Stop," on plaintiff when they pulled her car over on February 15, 2013.

71. Defendants lacked reasonable articulable suspicion that plaintiff had engaged in or was about to engage in criminal activity when they pulled her over. Specifically, there was no objective manifestation that plaintiff had engaged in or was about to engage in criminal activity. Defendants had no authority to conduct a "Terry Stop" on plaintiff on February 15, 2013.

72. Defendants' unlawful stop of plaintiff constituted an unreasonable seizure and false imprisonment, in violation of her rights under the Fourth Amendment to the U.S. Constitution. Under the circumstances, defendant officers' stop of plaintiff was totally unnecessary, unreasonable and unjustifiable.

73. As a result of the unlawful stop of plaintiff, plaintiff suffered the injuries and damages listed above. Plaintiff would not have sustained such injuries and damages had the defendants not pulled her over on February 15, 2013.

74. The misconduct alleged in this Count was objectively unreasonable and was undertaken intentionally with malice and willful and reckless indifference to plaintiff's constitutional rights.

75. The misconduct alleged in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

76. As a direct and proximate result of defendant officers' misconduct described in this Count, undertaken pursuant to the City's policies and practices as set forth above, plaintiff suffered and continues to suffer serious, long-term, physical, psychological and emotional injury, trauma, and distress.

## PRAYER FOR RELIEF FOR ALL COUNTS

WHEREFORE, plaintiff respectfully requests that the Court enter judgment in her favor and against defendants for:

    a.    Compensatory damages;

    b.    Punitive damages;

    c.    Appropriate equitable relief;

    c.    Reasonable attorney's fees and litigation costs and expenses; and

    e.    Such other or further relief as the Court deems appropriate.

Respectfully submitted,

s/Al Hofeld, Jr.
Al Hofeld, Jr.

## JURY DEMAND

Plaintiff demands trial by jury.

s/Al Hofeld, Jr.
Al Hofeld, Jr.

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

s/Al Hofeld, Jr.
Al Hofeld, Jr.

Al Hofeld, Jr.
ARDC #6273948
LAW OFFICES OF AL HOFELD, JR., LLC
1525 East 53rd Street, Suite 832
Chicago, Illinois  60615
(773) 241-5844
(773) 241-5845 (FAX)

**NOTICE OF FILING AND CERTIFICATE OF SERVICE BY ELECTRONIC MEANS**

    I, Al Hofeld Jr., attorney for plaintiff, hereby certify that on September 29, 2016, service of the foregoing *Second Amended Complaint* was accomplished pursuant to ECF as to Filing Users, and I shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

                                        s/Al Hofeld, Jr.
                                         Al Hofeld, Jr.

Al Hofeld, Jr.
LAW OFFICES OF AL HOFELD, JR., LLC
1525 East 53rd Street, Suite 832
Chicago, Illinois  60615
(773) 241-5844
(773) 241-5845 (FAX)